**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**
**CASE NUMBER: 1:26-cv-03102-SAC-KFM**

| | |
|---|---|
| Maria Taylor, individually and as parent and natural guardian of M.T., a minor under the age of fourteen,<br><br>Plaintiff<br>v.<br><br>Limestone Charter Association, Horse Creek Academy, Ann Marie Taylor, Ivey Savage, and Tanya Tobias,<br><br>Defendants. | **DEFENDANT ANN MARIE TAYLOR'S MOTION TO DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION** |

**TO: KYLE L. BRADY, ESQUIRE, ATTORNEY FOR PLAINTIFF AND TO THE PLAINTIFF ABOVE NAMED:**

Defendant Ann Marie Taylor ("Dr. Taylor") hereby moves this Honorable Court to dismiss the Plaintiff's Fourth Cause of Action with prejudice for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Even when the allegations of the Complaint are accepted as true for purposes of this Motion, Dr. Taylor did not violate the constitutional rights of the Plaintiff's child in how she supervised Defendants Tobias and Savage.

## Background

Plaintiff alleges her child was a special needs student at Horse Creek Academy ("HCA") in a self-contained special education class taught by Defendant Ivey Savage. Defendant Tanya

[1] Pursuant to Local Civil Rule 7.02, no duty to consult with opposing counsel is required for motions to dismiss. Further, a separate supporting memorandum is not required as a full explanation of the grounds for the present motion to dismiss is contained within this motion and in the incorporated Motion to Dismiss and Memorandum in Support filed by Defendants Tobias and Savage. *See* Local Civ. Rule 7.04 (D.S.C.).

Tobias was a teacher aid in that same classroom. (Complaint ¶¶ 11-13). The only cause of action against Defendants Tobias and Savage is the Third Cause of Action. This cause of action alleges that Defendants Tobias and Savage used excessive physical force in how they directed the Plaintiff's child to pick up a piece of paper on the floor and Defendant Savage used too much force when she pulled the child to the bathroom. (*Id*. at ¶¶ 85-88).

The Fourth Cause of Action is against Dr. Taylor. It alleges that Dr. Taylor, as the Principal of HCA, should be held liable for failing to properly supervise Defendants Tobias and Savage – which Plaintiff claims resulted in the constitutional injury to Plaintiff's child. (*Id*. at ¶¶ 97-100).

**<u>Rule 12(b)(6) Standard</u>**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**<u>Argument</u>**

The Third Cause of Action attempts to assert a claim pursuant to 42 U.S.C. § 1983 against Defendants Tobias and Savage for violating the child's Fourteenth or Fourth Amendment rights. Defendants Tobias and Savage move to dismiss this cause of action on several grounds, including that none of the conduct alleged rises to the level of violating the child's constitutional

rights and that they are entitled to qualified immunity. Dr. Taylor incorporates herein by reference the Motion to Dismiss and Memorandum in Support filed by Defendants Tobias and Savage. [ECF 32, 32-1]. In sum, Defendants Tobias and Savage did not violate the constitutional rights of the Plaintiff's child.

In order to bring a successful claim for supervisory liability against Dr. Taylor under § 1983, Plaintiff must establish: (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed **an unreasonable risk of constitutional injury** to plaintiff; (2) the supervisor's response to that conduct was so inadequate as to show deliberate indifference to the allegedly offensive conduct; and (3) **there is an affirmative causal link between the supervisor's inaction and the constitutional injury the plaintiff suffered**. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (emphasis added).

Dr. Taylor contends that the Plaintiff cannot establish any of the elements to prevail on a cause of action for supervisory liability under § 1983. However, it is clear as a matter of law for purposes of this motion that Plaintiff cannot establish the first and third essential elements. Because Defendants Tobias and Savage did not violate any constitutional right of the Plaintiff's child, the Plaintiff (1) cannot establish that Dr. Taylor had any notice of an unreasonable risk of constitutional injury and (2) cannot establish that any casual link exists between Dr. Taylor's alleged supervision and any constitutional injury.

In addition, for the same reasons as argued by Defendants Tobias and Savage in their Motion to Dismiss, Dr. Taylor is entitled to qualified immunity as to the allegations in the Fourth Cause of Action.

WHEREFORE, Defendant Ann Marie Taylor respectfully moves the Court to dismiss the Plaintiff's Fourth Cause of Action with prejudice and for such other relief the Court deems appropriate.

MURPHY & GRANTLAND, P.A.

*s/Jeffrey C. Kull*______________________________
Jeffrey C. Kull, Esquire
Federal Bar No. 7864
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
jkull@murphygrantland.com
Attorneys for Horse Creek Academy and Ann Marie Taylor

Columbia, South Carolina
November 16, 2026